## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VENN THERAPEUTICS,

        Plaintiff,

vs.

CORBUS PHARMACEUTICALS
HOLDINGS, INC.

        Defendant.

Case No. 8:21-cv-02716-JLB-TGW

### DEFENDANT CORBUS PHARMACEUTICALS HOLDINGS, INC.'S UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rule 1.11, Defendant Corbus Pharmaceuticals Holdings, Inc. ("Corbus"), under 18 U.S.C. § 1835, by and through undersigned counsel, respectfully moves to file under seal unredacted copies of the documents identified in section 1.A below.  The deadline for filing those documents in January 7, 2022.

These documents contain confidential information regarding Corbus's trade secrets and confidential proprietary information, as well as information regarding what Venn has alleged to be its trade secrets and confidential proprietary information.  These documents are filed in response to Plaintiff's Motion for Preliminary Injunction which was filed under seal pursuant to the Court's December 1, 2021 Order. (Doc. 23)

## I.     Local Rule 1.11 Required Information

*A.     Identification and description of each item proposed for sealing.*

The documents proposed for sealing are:

Corbus's Opposition to Venn Therapeutics's Motion for Preliminary

Injunction, including all of the Supporting Declarations and Exhibits to that

Opposition;

*B.     The reason that filing each item is necessary.*

The central issue in this case is whether Corbus misappropriated Venn's

purported trade secrets and confidential information as alleged by Venn, and

whether any of Venn's information is used in Corbus's current lead anti-cancer

programs, CRB-601 and CRB-601, which constitute Corbus's trade secrets and

proprietary information.  Furthermore, Corbus intends to attach as exhibits its

internal communications which contain confidential and proprietary information

about its business practices, as well as financial information about the company in

response to Venn's allegations of irreparable harm and balance of the equities.

Therefore, the filing of these documents is necessary to allow the Court to

properly understand and weigh the parties' positions.

*C.     The reason that sealing each item is necessary.*

Corbus's  trade  secrets,  confidential  and  proprietary  information  and

procedures relate directly to Venn's allegations of trade secret misappropriation, as

well as Corbus's responses to Venn's motion for preliminary injunction regarding irreparable harm, balance of the equities and likelihood of success on the merits. These trade secrets, confidential information and procedures are kept confidential because they protect Corbus's business. The disclosure of these trade secrets, confidential information and procedures would directly affect Corbus.

      *D.    The reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal.*

Corbus's proprietary trade secrets, confidential information and procedures are kept confidential as a whole. This complete protection from disclosure is necessary for Corbus. The sealing of Corbus's trade secrets, confidential information and procedures is the only adequate method of maintaining the confidentiality of the trade secrets, confidential information and procedures as a whole. Other means, which would protect less than the complete trade secrets, confidential information and procedures from disclosure are not adequate. Likewise, there is no other means available to preserve both Corbus's and Plaintiff's trade secrets and confidential information other than to file the documents under seal.

      *E.    A statement of the proposed duration of the seal.*

Corbus proposes that this Court order the documents sealed for the maximum 90 days after this case is closed and all appeals exhausted as allowed under the Local

Rules, after which time, Corbus will retrieve the documents from the Clerk of Court when made available by the Clerk of Court for retrieval.

## Memorandum of Law

The Defend Trade Secrets Act states: "In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835(a).

The Defend Trade Secrets Act also states: "The court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, the public's right of access is not absolute, and may be overcome by a showing of good cause. *Id.* at 1246. Whether good cause exists is decided by "the nature and character of the information in question." *Id.* Thus, a court must "'balanc[e] the asserted right of

4

access against the other party's interest in keeping the information confidential.'"

*Id.* (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). In conducting this balancing, courts should consider the following:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *Shingara v. Skiles*, 420 F.3d 301, 305–06 (3d Cir.2005); *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995)).

Good cause to seal has been demonstrated when the information sought to be protected from public disclosure contains confidential and proprietary information relating to a party's business operations, which may result in irreparable harm if not protected. *See, e.g.*, *StoneEagle Services, Inc. v. Pay-Plus Sols., Inc.*, 2015 WL 1351153, at *2 (M.D. Fla. Mar. 25, 2015) (granting a motion to seal and finding that good cause was shown since the "[d]isclosure of the documents [sought to be sealed] to the public could put the parties at a competitive disadvantage or otherwise invade the parties' legitimate privacy interests"); *Arnold v. Bayview Loan Servicing, LLC*, 2016 WL 375154, at *3 (S.D. Ala. Jan. 29, 2016) (granting a motion to seal

documents containing "confidential, proprietary information relating to Bayview's business operations that could irreparably harm Bayview if made public").

Here, the documents sought to be sealed are Corbus's documents relating to its trade secrets, confidential and proprietary information and procedures. These trade secrets, confidential and proprietary information and procedures relate directly to the core of Corbus's business. Corbus's gains a competitive advantage over its competitors by keeping its trade secrets, confidential and proprietary information and procedures confidential. The disclosure of Corbus's trade secrets, confidential and proprietary information and procedures would eliminate this competitive advantage and significantly harm Corbus's business. Corbus's trade secrets, confidential and proprietary information and procedures do not involve any public official or any matter of public concern. Any negligible public interest in Corbus's trade secrets, confidential and proprietary information and procedures is far outweighed by the substantial interest Corbus's has in maintaining their confidentiality. Sealing Corbus's trade secrets, confidential and proprietary information and procedures will not impair any court function or harm any legitimate privacy interest. To the contrary, allowing Corbus's to file its trade secrets, confidential and proprietary information and procedures under seal will safeguard Corbus's substantial business interest in maintaining the confidentiality of such records.

Likewise, Plaintiff has a legitimate privacy interest in protecting its trade secrets and confidential information contained in Corbus's Opposition. Moreover, the information does not concern the public, and there is no legitimate need for the public to have access to the information contained in the documents. Sealing these documents will not impair any court function. Therefore, Plaintiff's legitimate private interests outweigh the public's right to access the documents.

Accordingly, this Court should find good cause for overcoming the public's right of access and allow Corbus's to file under seal the aforementioned documents.

WHEREFORE, Corbus respectfully requests that this Court enter an Order granting Corbus's Unopposed Motion to Seal.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that prior to the filing of this Motion to File Documents Under Seal, counsel for Corbus conferred with counsel for Plaintiff, Simon Franzini, in a good faith attempt to resolve the issues raised herein and Plaintiff's counsel stated that Plaintiff does not oppose the Motion to File Documents Under Seal as it relates to the information and documents also filed under seal in connection with Plaintiff's Motion for a Preliminary Injunction and Plaintiff takes no position as to Corbus' confidential information.

s/ Kelli A. Edson
Kelli A. Edson
Florida Bar No. 179078
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602-5195
Telephone: 813-387-0300
Facsimile: 813-387-1800
kelli.edson@quarles.com
lynda.dekeyser@quarles.com
DocketFL@quarles.com

Robert D. Carroll (*pro hac vice)*
Lana S. Shiferman (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
rcarroll@goodwinlaw.com
lshiferman@goodwinlaw.com
*Attorneys for Defendant Corbus*
*Pharmaceuticals Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document

was filed on January 6, 2022, using the Court's CM/ECF system and that a true and

accurate copy was served by electronic mail via the CM/ECF system to:

David L. Luikart, III, Esq.
HILL WARD HENDERSON
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602
Dave.luikart@hwhlaw.com
*Attorneys for Plaintiff*

Simon Franzini, Esq.
Gabriel Z. Doble, Esq.
DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
*Attorneys for Plaintiff*

s/ Kelli A. Edson
Attorney

QB\71910642.3